IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE SMALLS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 21-CV-0890 |
| C/O J. LONG,<br>    Defendant. | :<br>:<br>: |

### MEMORANDUM

**JONES, II, J.**                                                                                                            **APRIL 5, 2021**

Plaintiff Andre Smalls, a prisoner currently incarcerated at the Bucks County Correctional Facility, filed this civil rights action pursuant to 42 U.S.C. § 1983. Smalls seeks leave to proceed in *forma pauperis*. For the following reasons, Smalls will be granted leave to proceed *in forma pauperis*, and his Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Smalls will, however, be given an opportunity to file an amended complaint.

**I.      FACTUAL ALLEGATIONS**

Smalls has named Corrections Officer J. Long as the only Defendant in this civil rights action. (ECF No. 2 at 1-3.)[1] Briefly stated, Smalls asserts that his Eighth Amendment rights were violated when he was sexually assaulted by Long during a transport to the medical department. (*Id.* at 1, 6.) Specifically, Smalls avers that Long sexually assaulted him by sliding "his hand down [Smalls's] arm and touch[ing] [Smalls's] buttocks." (*Id.*) Smalls avers that Long "did it a second time" when he was removing Smalls's handcuffs. (*Id.*) Smalls avers that the action was done "on purpose," with bad intentions and an evil motive. (*Id.* at 1.)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Smalls avers that he has sustained psychological injuries and has developed post-traumatic stress disorder as a result of the alleged sexual assault. (*Id.* at 6.) He seeks declaratory and injunctive relief, as well as punitive damages in the amount of $25,000. (*Id.* at 1, 6.)

## II.      STANDARD OF REVIEW

The Court will grant Smalls leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. (*Id.*) As Smalls is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## II.      DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, the Complaint does not state a plausible basis for a claim as pled.

---

[2] However, as Smalls is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

However, Smalls will be given leave to file an amended complaint so he can provide more information about the basis for his claim.

The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Sexual abuse of inmates or detainees may violate the Eighth and Fourteenth Amendments, respectively. *Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018) ("[P]rison sexual abuse can violate the Constitution"). As it appears from the Complaint that Smalls is a probation violator who is a previously convicted prisoner (ECF No. 2 at 5), his conditions of confinement claim is properly analyzed under the Eighth Amendment.

In the Eighth Amendment context, a plaintiff must satisfy both an objective and subjective prong akin to excessive force claims. *Ricks*, 891 F.3d at 475. In that regard, the conduct in question must be "objectively, sufficiently intolerable and cruel, capable of causing harm and the official must have a culpable state of mind." *Id.* "Regarding the subjective prong, [the Court] consider[s] whether the official had a legitimate penological purpose or if he or she acted maliciously and sadistically for the very purpose of causing harm." *Id.* (internal quotations omitted).

Even though the factual allegations of the Complaint support an inference of physical contact by Defendant Long incident to either applying or removing handcuffs, Smalls has not satisfied his burden of demonstrating objective seriousness. Without more, these factual allegations are insufficient to meet the objective prong of an Eighth Amendment sexual abuse claim. *Accord Ricks*, 891 F.3d at 477 (noting that "objectively serious sexual contact would

include sexualized fondling, coerced sexual activity, combinations of ongoing harassment and abuse, and exchanges of sexual activity for special treatment or to avoid discipline").

Several decisions support the conclusion that Defendant Long's alleged conduct as pled simply cannot rise to the level of a constitutional violation, especially when more egregious circumstances have been adjudged constitutionally insufficient. *See McIntyre v. Kellinger*, 741 F. App'x 891, 892-93 (3d Cir. 2018) (concluding incident in which defendant dragged his hands down plaintiff's buttocks, gripped his buttocks, patted his thighs, and "squeezed [his] ass as if [he] was a woman" while whispering "in a sexual manner" during a pat-down search was not objectively severe or serious under the Eighth Amendment); *Ricks*, 891 F.3d at 479 (suggesting an "isolated, momentary" incident in which guard "rubbed his erect penis against [plaintiff's] buttocks through both men's clothing" was not sufficiently severe, but permitting amendment); *Washington v. Harris*, 186 F. App'x 865, 866 (11th Cir. 2006) (concluding inmate failed to state Eighth Amendment claim where a prison guard "crept up behind [the prisoner inmate] while he was working," grabbed his genitals, kissed him on the mouth, and threatened to perform oral sex on him); *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) (concluding conduct involving female corrections officer who squeezed plaintiff's penis, said "[Y]ou know [you're] a sexy black devil, I like you," bumped into plaintiff with her breasts, and pinned him against the wall "with her whole body vagina against penis" was not sufficiently serious); *Armstrong v. Diraimo*, Civ. A. No. 17-237, 2018 WL 6788524, at *1 (W.D. Pa. Dec. 26, 2018), *aff'd*, 781 F. App'x 61 (3d Cir. 2019) (granting summary judgment in favor of defendant who, during a random pat-down search, "placed his hands inside Plaintiff's boxer shorts, stroked his penis once, and grabbed his scrotum," and commented "I do what the fuck I want" and "I felt bigger"); *Waston v. Wingard*, Civ. A. No. 16-55, 2018 WL 2108316, at *1 (W.D. Pa. Jan. 31, 2018) (finding conduct involving

defendant who gave plaintiff an "upper cut" to the groin with his forearm, "groped and massaged [his] penis," and examined plaintiff's "butt ... like a doctor" did not amount to sexual abuse); *Harris v. Zappan*, Civ. A. No. 97-4957, 1999 WL 360203, at *4 -*5 (E.D. Pa. May 28, 1999) (determining allegations of one instance of sexually explicit comments combined with fondling and rubbing on thighs and breasts was not sufficiently serious).

Smalls has not alleged sufficient facts to move forward on his allegations of sexual abuse. His allegations are conclusory, which makes it difficult for the Court to understand what happened and to evaluate his claims. Although it may be uncomfortable, Smalls is required to provide sufficient detail about the circumstances surrounding his interactions with Long to state a plausible basis for a claim.

**IV.   CONCLUSION**

For the foregoing reasons, the Court will grant Smalls leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will give Smalls an opportunity to file an amended complaint in the event he can cure the defects in his claim. An appropriate Order follows.

**BY THE COURT:**

*/s/* **C. Darnell Jones, II**
**C. Darnell Jones, II  J.**